IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
HAROLD L. DORTCH,              )
                               )
    Plaintiff,                 )
                               )    CIVIL ACTION NO.
    v.                         )     2:20cv293-MHT
                               )         (WO)
NURSE CRAWFORD and TAHIR       )
SIDDIQ,                        )
                               )
    Defendants.                )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff Harold L. Dortch, a state prisoner, filed this lawsuit asserting that the defendants acted with deliberate indifference to and unreasonably delayed care for several serious medical needs. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motions for summary judgment be granted and that no costs be taxed against Dortch. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the magistrate judge's

recommendation should be adopted, though the court does not adopt the reasoning to the extent set forth below.

As grounds for a finding of deliberate indifference, Dortch contends that, after he had received offsite surgery for a vascular injury to his arm received when he was stabbed by other inmates, defendant Tahir Siddiq prematurely removed the cast on his arm. The recommendation, relying on a declaration from Siddiq, finds that "the cast on his arm was still in place on August 28, 2020, upon his referral by Dr. Siddiq to a free world doctor for follow-up." Recommendation (Doc. 65) at 17 (citing Siddiq Declaration (Doc. 53-1) at 5). However, a full review of the attached medical records appears to show that, on August 28, 2020, before he saw Siddiq, Dortch had been taken offsite to see a doctor who placed a cast on his left arm--which strongly suggests that Dortch did not have a cast on his arm when he went to the offsite appointment. *See* "Return from Offsite" Medical Record

(dated 8/20/20) (Doc. 53-1) at 120 ("Subjective statement of patient about what transpired: Seen Dr., Place Cast on L Arm"). This document also appears to show that, upon Dortch's return from the outside medical visit, the nurse who filled out the "Return from Offsite" form scheduled Dortch to see Siddiq later that day. *See id.* ("Appointment date to see staff physician for review and follow up: 8/28/20"). This record backs up Dortch's contention that Siddiq prematurely removed his cast and that the offsite physician had to replace it. Taking the evidence in the light most favorable to Dortch, the court must reject the part of the recommendation finding that the medical records confirm that Dortch's cast was not prematurely removed.

That said, the factual dispute in the record about whether the cast was removed prematurely does not change the outcome of the case. Dortch argues that Siddiq knew that removing the cast prematurely would

3

harm him; however, Dortch's non-expert opinion of what Siddiq knew is not admissible evidence upon which the court can rely on summary judgment. While removing the cast prematurely could be reasonably viewed as negligent or incompetent, Dortch has not presented evidence from which a reasonable factfinder could conclude that, at the time Siddiq removed the cast prematurely, he did so with deliberate indifference: *i.e.*, he knew that removing the case created a substantial risk of serious harm but did so anyway. Accordingly, the court agrees with the recommendation that summary judgment should be granted.

An appropriate judgment will be entered.

DONE, this the 31st day of July, 2023.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**